UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KEVIN DERELL BILLIOUPS | ] | |
|---|---|---|
| Plaintiff, | ] | |
| | ] | No. 3:11cv709 |
| v. | ] | (No.3:11-mc-0029) |
| | ] | JUDGE HAYNES |
| METROPOLITAN GOVERNMENT OF | ] | |
| NASHVILLE and DAVIDSON COUNTY, | ] | |
| et al. | ] | |
| Defendants. | ] | |

## M E M O R A N D U M

Plaintiff, Kevin Derell Billioups, a pretrial detainee at the Davidson County Criminal Justice Center, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Metropolitan Government of Nashville and Davidson County ("Metro") and Sheila Stinson and Lt. Thomas Walker who are employed at Metro's Criminal Justice Center ("CJC"). Plaintiff seeks injunctive relief and damages for violation of his rights under the Fourth and Fourteenth Amendments.

According to his complaint, on April 15, 2011, Plaintiff was returning to his housing unit from an anger management class when Defendant Stinson stopped him and would not allow him to enter the housing unit because lunch was being served. Stinson directed Plaintiff to a food prep room where he was given his kosher meal.

Plaintiff alleges that the food prep room is unsanitary and

refused to eat his meal. Stinson then threw the meal into the trash can and would not call a supervisor to respond to Plaintiff's complaints. Plaintiff was placed in a holding cell while another officer searched his cell for contraband and food items, but no such items were found.

Plaintiff's specific claims are that he was forced to eat his meal in an unsanitary environment and the search of his property was unjustified.

To state a claim for § 1983 relief, the plaintiff must plead that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981).[1]

Plaintiff is not asserting denial of his right to a specific meal, but that he was directed to eat his meal in an unsanitary environment. Plaintiff has not alleged any specific facts suggesting that this food prep room posed a "substantial risk of serious harm" to him. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Thus, the Court concludes that Plaintiff's due process rights were not violated simply because he was told to eat his meal in the food prep room. See Washington v. Johnson, 2009 WL 73676 at 10 (E.D. Mich. Jan. 9, 2009).

As to the search of Plaintiff's cell for contraband, the

---

[1] Parratt was overruled on other grounds in Daniels v. Williams, 474 U.S. 327 (1986).

Fourth Amendment precedents do not recognize an inmate's privacy rights in their individual cells as inconsistent with the needs and objectives of penal institutions. Hudson v. Palmer, 468 U.S. 517(1984). Thus, the Defendants' order to search Plaintiff's cell fails to state a Fourth Amendment claim for relief.

In the absence of a constitutional violation, the Plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint sua sponte. 28 U.S.C. § 1915(e)(2).

An appropriate order is filed herewith.

WILLIAM J. HAYNES, JR.
United States District Judge
7-27-11